### No. 1.

CHARLES BURLINGAME, AS ASSIGNEE IN BANKRUPTCY OF HENRY E. WOLCOTT, PLAINTIFF, v. JOSEPH Y. PARCE. AND OTHERS, DEFENDANTS.

### No. 2.

THE TRADERS' NATIONAL BANK OF ROCHESTER, PLAINTIFF, v. JOSEPH Y. PARCE AND OTHERS, DEFENDANTS.

*Two actions brought for the same purpose — second action, when stayed.*

A mortgagee assigned a mortgage owned by him to a bank, as collateral security for a debt of about one-half the face thereof, due from him to the bank. Subsequently, Burlingame, having been appointed his assignee in bankruptcy, applied to the bank to foreclose the mortgage, and, upon its refusal so to do, commenced an action asking a foreclosure and an equitable distribution of the avails, to which the bank was made a party defendant. Thereafter the bank commenced an action for the same purpose, to which the assignee was made a party defendant. *Held,* that, upon the application of the assignee, the prosecution of the second action should be stayed until the determination of the first.

APPEAL from an order made at the Monroe Special Term, denying the motion of plaintiff in action No. 1, for a stay of proceedings in action No. 2.

Parce executed to Wolcott a mortgage of $5,000, which Wolcott afterward transferred to the Traders' National Bank of Rochester, as collateral security for obligations of Wolcott to about half the

[*] See post p. 220.

amount. Plaintiff in No. 1 afterward became assignee in bankruptcy of Wolcott. Default having been made on the mortgage, Burlingame, plaintiff in No. 1 after requesting the bank, plaintiff in No. 2, to join with him, and it refusing to do so, commenced an action to foreclose the mortgage, making the bank a party defendant, and asking for an equitable distribution of the avails as between the plaintiff and the bank. Afterward the bank commenced action No. 2, for the foreclosure of the same mortgage, the parties to both suits being the same, the plaintiff in No. 1 being a defendant in No. 2, and the plaintiff in No. 2 being a defendant in No 1.

*McDonald & Noyes*, for the plaintiff in No. 1. This court has jurisdiction of actions by or against assignees in bankruptcy, and can even determine questions arising under the bankrupt law. (*Dougun* v. *Trans. Co.*, 56 N. Y., 1 ; *Cook* v. *Whipple*, 55 id., 150 ; *Carroll* v. *Stat. I. R. R. Co.*, 58 id., 143 ; 65 Barb., 444 ; 63 id., 339 ; 15 Bank. Reg., 49 ; *Mayo* v. *Fritton*, 20 Wall., 414 ; *Claflin* v. *Houseman*, 3 Otto, 130 ; Alb. Law Jour., Dec. 2, 1876, p. 373 ; *Goodrich* v. *Wilson*, 119 Mass., 434.) As the assignor of the appellant only pledged the mortgage for a less sum than the amount secured by it, even if he was assignee by an ordinary assignment, he would have an undoubted right to bring an action to foreclose the mortgage. (*Norton* v. *Warner*, 3 Ed. Ch., 106 ; *Simson* v. *Satterlee*, 64 N. Y., 657.) Hence the commencement of action No. 2 was entirely unnecessary. Its prosecution is unnecessary ; and in such cases it is the uniform rule to stay proceedings in the action last commenced, until the first action is decided. (*Jackson* v. *Schauber*, 4 Cow., 78 ; *Bank* v. *Leonard*, 20 How. Pr., 93 ; *Read* v. *Fuller*, 15 id., 236.)

*J. C. Cochrane*, for the plaintiff in No. 2.

MERWIN, J. :

The question of the right of Burlingame as the assignee in bankruptcy to sue in this court, is considered on the appeal from the order in No. 1, appointing a receiver ; I here assume such right to exist.

I must also assume that Burlingame, having still an interest in

the mortgage, had a right to foreclose it. (*Simson* v. *Satterlee*, 64 N. Y., 657; *Norton* v. *Warner*, 3 Edw. Ch. [m. p.], 106.) It was transferred as collateral for an amount less than its face; and the pledgor under such circumstances, ought certainly to have the right to protect himself, although the pledgee should not wish to foreclose, and the pledgor ought not to be left to the remedy of tender or repayment. No authority is cited requiring this.

Where two suits are commenced, and the subject of the action and the parties are the same and the entire relief sought for in the one can be obtained in the other, the one last brought should be stayed. (*People* v. *Northern R. R. Co.*, 53 Barb., 98; *McCarthy* v. *Peake*, 18 How., 138.) This doctrine applies to the present case. The bank having refused to join with its co-owner, cannot now complain. None of its rights will be lost. It is entitled to be first paid, the fund being realized the court will make the proper disposition of it.

I think the order should be reversed and the proceedings in No. 2 stayed until the determination of No. 1, with ten dollars costs and disbursements.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Order of Special Term reversed and proceedings in No. 2 stayed until the determination of No. 1, with ten dollars costs and disbursements.